# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

DIANA COSTANTINO GOMPRECHT
TEL: 212.351.4503
FAX: 212.878.8703
DCOSTANTINO@EBGLAW.COM

**MEMO ENDORSED**

May 31, 2007

**BY HAND**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/07

Re: Christopher B. Turcotte and Susan Turcotte v. Blue Cross Blue Shield of Massachusetts, Inc., 07 Civ. 4023 (KMK)(~~MHD~~)

Dear Judge Karas:

This firm represents plaintiff Blue Cross and Blue Shield of Massachusetts, Inc. (erroneously named "Blue Cross Blue Shield of Massachusetts, Inc." in the Complaint) ("Blue Cross") in the above referenced litigation. This litigation was removed by Blue Cross from the New York City Civil Court, New York County to this Court on May 23, 2007.

By letter dated May 24, 2007, pursuant to Your Honor's Individual Practices, Blue Cross requested a pre-motion conference in order to proceed with its motion to dismiss. Blue Cross' last day to respond to the complaint is today. Yesterday, plaintiffs wrote a letter to Your Honor requesting twenty additional days to determine whether to move to remand or, in the alternative, amend their complaint.

Because the Court has not yet scheduled a pre-motion conference or waived such a conference, this firm's Managing Attorney, Owen Wallace, spoke with Your Honor's Courtroom Deputy Clerk, Eileen Levine, in order to determine the appropriate course of action. Based upon instructions received during that call, Blue Cross requests that Your Honor grant it an extension of time to respond to the complaint until after a pre-motion conference is held or such conference is determined to be unnecessary by the Court. Blue Cross has not made any

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

NY:1858244v1    EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

The Honorable Kenneth M. Karas
May 31, 2007
Page 2

previous requests for such an extension and is prepared to file its motion should the Court determine that would be appropriate at this time.

Respectfully submitted,

*Diana C. Gomprecht*
Diana Costantino Gomprecht

cc:   Christopher B. Turcotte, Esq. (by hand)

The Court will hold a pre-motion conference on June 21, 2007, at 11:30am. At that conference the Court will address Defendant's proposed motion to dismiss and plaintiffs' interest in potentially remanding this case to state court. Defendants' time to answer is extended until the pre-motion conference.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
5/31/07

NY:1858244v1

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

DIANA COSTANTINO GOMPRECHT
TEL: 212.351.4503
FAX: 212.878.8703
DCOSTANTINO@EBGLAW.COM

May 24, 2007

**BY HAND**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

>   Re:  Christopher B. Turcotte and Susan Turcotte v. Blue Cross Blue Shield of Massachusetts, Inc., 07 Civ. 4023 (KMK)(~~MHD~~)

Dear Judge Karas:

      This firm represents plaintiff Blue Cross and Blue Shield of Massachusetts, Inc. (erroneously named "Blue Cross Blue Shield of Massachusetts, Inc. in the Complaint") ("Blue Cross") in the above referenced litigation. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference in order to proceed with a motion to dismiss the complaint and to strike plaintiffs' jury demand.

Procedural Background

      Plaintiffs Christopher B. Turcotte and Susan Turcotte ("Plaintiffs") initiated this litigation by filing a Summons with Verified Complaint in Civil Court of the City of New York, County of New York, on May 4, 2007 (the "Complaint"). As described in more detail below, the Complaint describes various state law theories based upon allegations that Blue Cross failed to meet its reimbursement obligations under the health insurance contract at issue.

      Blue Cross was served with the Complaint, by hand, on May 8, 2007. On May 23, 2007, pursuant to 28 U.S.C §§ 1441 and 1446, Blue Cross removed the state court proceeding to this Court because the health insurance contract at issue is part of an employee benefit plan that falls within the scope of the Employee Retirement Income Security Act of 1974 ("ERISA") and, therefore, any state law claims are preempted.

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

NY:1847672v1   EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

The Honorable Kenneth M. Karas
May 24, 2007
Page 2

Pursuant to Fed. R. Civ. P. 81(c), Blue Cross is required to respond to the Complaint on or before May 31, 2007.

Basis for Blue Cross' Motion to Dismiss

Plaintiff's state law claims are based entirely upon an ERISA plan and, therefore, the allegations are preempted by federal law. Specifically, Plaintiffs allege that Blue Cross failed to reimburse them for certain infertility services purportedly covered by the insurance plan and seek the following remedies: (1) declaratory judgment, (2) breach of contract, (3) fraud in the inducement, (4) detrimental reliance, (5) unjust enrichment, (6) breach of good faith and fair dealing, (7) common law fraud, (8) infliction of emotional distress and (9) punitive damages. Plaintiffs also request a jury trial.

As Blue Cross will describe in detail in its motion, because ERISA preempts state law, including common law that "relates to" the employee benefit plan (*see FMC Corp. v. Holiday*, 498 U.S. 52, 58 111 S. Ct. 403, 407 (1990)), Plaintiffs' complaint should be dismissed for failure to state a claim upon which relief may be granted. What is more, a jury trial is not available under ERISA because such claims are restricted to equitable relief. *See Mertens v. Hewitt Assocs.* 508 U.S. 248, 113 S. Ct. 2063 (1993). Therefore, at a minimum, Blue Cross seeks an order striking the jury demand.

Blue Cross will be prepared to file and serve its motion to dismiss the complaint and strike Plaintiffs' jury demand by the May 31, 2007 deadline. Should Your Honor request a conference prior to that date or determine that such date is no longer appropriate, Blue Cross will, of course, be cooperative. Thank you for your consideration regarding this matter.

Very truly yours,

*Diana C. Gomprecht*

Diana Costantino Gomprecht

cc:   Christopher B. Turcotte, Esq. (by hand)

NY:1847672v1

**Christopher B. Turcotte, Esq.**

320 East 57th Street, Apt. 14B * New York, New York 10022 * (212) 207-8493



May 29, 2007

**BY HAND**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

      RE:    Turcotte v. Blue Cross Blue Shield of Massachusetts, Inc.
              Case No. 07 Civ. 4023 (KMK)

Dear Judge Karas:

      I, together with my spouse Susan Turcotte, am a plaintiff in the above-referenced matter.

      This past Friday, May 25, 2007, plaintiffs received a copy of defendant Blue Cross' Notice of Removal of plaintiffs' Summons with Verified Complaint, which was filed in Civil Court of the City of New York, County of New York, on May 4, 2007. We are also in receipt of a letter to the Court dated May 24, 2007, in which defense counsel requests a pre-motion conference in order to file a motion to dismiss and to strike the plaintiffs' jury demand.

      Although plaintiffs take issue with a number of the claims made in defendant's Notice of Removal and May 24th letter, before the parties engage in motion practice, plaintiffs respectfully request that we be permitted twenty (20) days to determine the propriety of moving to remand the case to state court or, alternatively, of amending the Verified Complaint. See Fed.R.Civ.Pro. 15(a)("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . .").

      Following today, I will be in San Francisco on business for the balance of the week, to the extent the Court requires a pre-motion conference.

Respectfully,

Christopher B. Turcotte

SO ORDERED
KENNETH M. KARAS, U.S.D.J.

cc: Diana Costantino Gomprecht, Esq. (via facsimile)