UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CHRISTOPHER B. TURCOTTE and SUSAN
TURCOTTE,

                Plaintiffs,          07 Civ. 4023 (RJS)(MHD)

    - against -

BLUE CROSS BLUE AND SHIELD OF
MASSACHUSETTS, INC.,

                Defendant.
------------------------------------------------------------ x

## DEFENDANT BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' JURY DEMAND

EPSTEIN BECKER & GREEN, P.C.
Diana Costantino Gomprecht (DG-2181)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500

-and-

Joseph D. Halpern, Esq.
Deputy General Counsel
Blue Cross and Blue Shield of Massachusetts, Inc.
Landmark Center
401 Park Drive
Boston, Massachusetts 02215-3326
(617) 246-3500

*Attorneys for Defendant*

NY:2103115v1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF THE ALLEGATIONS AND PROCEDURAL HISTORY .......................... 1

ARGUMENT ................................................................................................................................ 3

    I    PLAINTIFFS' CLAIM OF BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ................. 3

    II   PLAINTIFFS' RETALIATION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ................................................. 6

    III  PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................... 8

    IV  THE COURT SHOULD DISMISS THE FIRST AND SIXTH CAUSES OF ACTION AS REDUNDANT ............................................................................ 12

    V   THE COURT SHOULD DISMISS THE CAUSE OF ACTION FOR PUNITIVE DAMAGES ................................................................................................. 12

    VI  THE COURT SHOULD STRIKE PLAINTIFFS' JURY DEMAND ............................................................................................................................. 13

CONCLUSION ........................................................................................................................... 14

NY:2097513v1

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

Aetna Health, Inc. v. Davila, 524 U.S. 200 (2004) ...... 9

Aramony v. United Way Replacement Benefit Plan, 191 F.3d 140 (2d Cir. 1999) ...... 9, 10

Billinger v. Bell Atlantic, 240 F. Supp. 2d 274 (S.D.N.Y. 2003), aff'd, No. 03-7387, 2005 WL 154270 (2d Cir.), cert. denied, 546 U.S. 843 (2005) ...... 9

Coan v. Kaufman, 457 F.3d 250 (2d Cir. 2006) ...... 5

Connors v. Connecticut General Life Insurance Co., 272 F.3d 127 (2d Cir. 2001) ...... 13

Conopco, Inc. v. Imperial Chemical Industries PLC, No. 97 Civ. 5529, 2000 WL 328869 (S.D.N.Y. Mar. 28, 2000) ...... 12

Custer v. Pan American Life Insurance Co., 12 F.3d 410 (4th Cir. 1993) ...... 8

DeWitt v. Penn-Del Directory Corp., 106 F.3d 514 (3d Cir. 1997) ...... 7 n.3

Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76 (2d Cir. 2001) ...... 3, 9

Devlin v. Transportation Communications International Union, 173 F.3d 94 (2d Cir. 1999) ...... 10

DiRoma v. National Organization of Industrial Trade Unions Insurance Fund, No. 91 Civ. 0653, 1992 WL 123177 (S.D.N.Y. May 27, 1992) ...... 12-13

Dister v. Continental Group, Inc., 859 F.2d 1108 (2d Cir. 1988) ...... 7

Fischer v. Philadelphia Electric Co., 96 F.3d 1533 (3d Cir. 1996) ...... 7 n.3

Frommert v. Conkright, 433 F.3d 254 (2d Cir. 2006) ...... 3

Gerosa v. Savasta & Co., 329 F.3d 317 (2d Cir. 2003) ...... 5 n.2

Kartell v. Blue Shield of Massachusetts, Inc., 592 F.2d 1191 (1st Cir. 1979) ...... 1

Kawski v. Johnson & Johnson, No. 04-CV-6208, 2005 WL 3555517 (N.D.N.Y. Dec. 19, 2005) ...... 4

Maguire v. Level Sights, Inc., No. 03 2004 WL 1621187 (S.D.N.Y. July 19, 2004) ...... 7 n.3, 8

In re Marsh ERISA Litigation, No. 04 Civ. 8157, 2006 WL. 3706169
(S.D.N.Y. Dec. 14, 2006) ..........5

Mertens v. Hewitt Associates, 508 U.S. 248 (1993) ..........13

Miner v. Empire Blue Cross/Blue Shield, No. 97 Civ. 6490, 2001 WL. 96524 (S.D.N.Y. Feb. 5, 2001) ..........12

Muller v. First Unum Life Insurance Co., 341 F.3d 119 (2d Cir. 2003) ..........13

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96 (2d Cir. 2005) ..........4, 5

Pronti v. CNA Finance Corp., 353 F. Supp. 2d 320 (N.D.N.Y. 2005) ..........9

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988) ..........12

Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983) ..........6

Shonholz v. Long Island Jewish Medical Center, 87 F.3d 72 (2d Cir 1996) ..........9-10

Snyder v. Elliot W. Dann Co., 854 F. Supp. 264 (S.D.N.Y. 1994) ..........9

Straus v. Prudential Employee Savings Plan, 253 F. Supp. 2d 438 (E.D.N.Y. 2003) ..........6-7

Tischmann v. ITT/Sheraton Corp., 145 F.3d 561 (2d Cir. 1998) ..........13

Titsch v. Reliance Group, Inc., 548 F. Supp. 983 (S.D.N.Y. 1982), aff'd mem., 742 F.2d 1441 (2d Cir. 1983) ..........7

Vacca v. Trinitas Hospital, No. 05-CV-0368, 2006 WL. 3314637
(E.D.N.Y. Nov. 14, 2006) ..........5 n.2

Varity Corp. v. Howe, 516 U.S. 489 (1996) ..........3

West v. Butler, 621 F.2d 240 (6th Cir. 1980) ..........7

Zarycki v. Mount Sinai/NYU Health, No. 02 Civ. 6236, 2005 WL 2977568
(S.D.N.Y. Nov. 4, 2005) ..........5-6 n.2

**STATUTES**

29 U.S.C. § 1001 et seq ..........1-2

29 U.S.C. § 1002(3) ..........8

29 U.S.C. § 1132(a)(1)(B) ..........2, 4

29 U.S.C. § 1132(a)(3) ................................................................................................................3

29 U.S.C. § 1132(g) ..................................................................................................................12

29 U.S.C. § 1140 ............................................................................................................2, 6, 7, 8

29 U.S.C. § 1144(a) ....................................................................................................................2

Massachusetts General Laws ch. 176A ......................................................................................1

Massachusetts General Laws ch. 176B ......................................................................................1

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1, 2, 8

Fed. R. Civ. P. 12(f) ......................................................................................................1, 2, 12

**LEGISLATION**

Massachusetts Acts, 1988, ch. 160 ............................................................................................1

### Preliminary Statement

Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("Blue Cross") by its attorneys Epstein Becker & Green, P.C., respectfully submits this memorandum of law in support of its motion to dismiss the first and third through seventh causes of action in the Amended Complaint pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure and its motion to strike Plaintiffs' jury claim.[1] This case essentially challenges a denial of ERISA benefits, as stated in Plaintiffs' second cause of action, and should be decided on cross motions for summary judgment based on the record before the plan administrator at the time the plan administrator made its decision. Blue Cross asks the Court to dismiss all of Plaintiffs' claims except for the second cause of action and to strike Plaintiffs' jury claim, in order to simplify the case at the outset and allow for efficient case management.

### Statement of the Allegations and Procedural History

Plaintiffs Christopher B. Turcotte and Susan Turcotte ("Plaintiffs" or "the Turcottes") commenced this action on May 4, 2007 in the Civil Court of the City of New York, County of New York, in connection with a denial of healthcare benefits by Blue Cross. Blue Cross is a nonprofit hospital and medical services corporation organized under Mass. Gen Laws ch. 176A and 176B. See Massachusetts Acts, 1988, ch. 160 (merger legislation); Kartell v. Blue Shield of Massachusetts, Inc., 592 F.2d 1191 (1st Cir. 1979).

As Plaintiffs now concede, the Blue Cross plan of health benefits at issue constitutes an employee welfare plan within the meaning of the Employee Retirement Income Security Act

---

[1] A copy of the amended complaint, filed on July 6, 2007, is annexed as Exhibit A to the Affidavit of Diana Costantino Gomprecht, Esq. sworn to on September 28, 2007, in support of this motion ("Gomprecht Aff.").

("ERISA"), 29 U.S.C. § 1001 et seq. Complaint, ¶ 6. Therefore, on May 23, 2007, Blue Cross removed the action to this Court. (Gomprecht Aff. ¶ 3). In response, Plaintiffs filed a Verified Amended Complaint (the "Amended Complaint") on July 6, 2007, expressly pleading ERISA and dropping all nine of their state law claims. (Gomprecht Aff., Ex. A).

In an excess of creative lawyering, the Amended Complaint alleges legal theories based upon seven new causes of action arising from the same simple operative facts. Essentially, Plaintiffs still allege they are entitled to insurance coverage for infertility services provided to plaintiff Susan Turcotte, a beneficiary of her husband's plan. (Amended Complaint ¶¶ 6, 28, 31). The Amended Complaint now styles these alleged facts as causes of action for: (1) declaratory judgment, (2) denial of benefits under ERISA, (3) breach of fiduciary duty, (4) discrimination/retaliatory denial of benefits, (5) promissory estoppel, (6) attorney's fees, and (7) punitive damages. (Gomprecht Aff. Ex. A). Defendant timely advised the Court that it wished to move to dismiss the first and third through seventh causes of action under Fed. R. Civ. P. 12(b)(6) and 12(f) on the grounds that they were either preempted by ERISA, 29 U.S.C. § 1144(a), failed to state a claim or were redundant, and to strike Plaintiffs' jury claim. (Gomprecht Aff. ¶ 5).

The basis of Blue Cross' motions is, to begin with, that the third, fourth, fifth, and seventh causes of action must be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs have failed to plead a viable claim for equitable restitution, and their claim for breach of fiduciary duty in the first cause of action merely duplicates their second cause of action. They have failed to plead either a viable claim of discrimination/retaliation under 29 U.S.C. § 1140 or a viable claim of promissory estoppel under ERISA. Their claim for punitive damages is preempted by ERISA §§ 502(a)(1)(B) and 514, 29 U.S.C. §§ 1132(a)(1)(B) and

NY:2097513v1

2

1144(a). In addition, the first and sixth causes of action should be dismissed as redundant and duplicative because the cause of action seeking a declaration of Plaintiffs' rights and the claim for attorneys' fees merely duplicate elements of the relief available to Plaintiffs under their ERISA § 1132 claim. Finally, because no jury trial is available for Plaintiffs' ERISA claims, their demand should be stricken.

## ARGUMENT

### I

### PLAINTIFFS' CLAIM OF BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The seminal case on whether a plaintiff may plead both a § 1132(a)(1)(B) claim to enforce the terms of a plan and a § 1132(a)(3) claim for breach of fiduciary duty is Varity Corp. v. Howe, 516 U.S 489 (1996). In Varity Corp., the United States Supreme Court stated that "where Congress [ ] provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief [under § 1132(a)(3)] normally would not be 'appropriate.'" Id. at 515 (citation omitted). In Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001) and Frommert v. Conkright, 433 F.3d 254, 272 (2d Cir. 2006), the Second Circuit interpreted Varity Corp. to allow both claims to be pleaded only if the district court determined that plaintiffs sought "appropriate equitable relief" in their § 1132(a)(3) claim for breach of fiduciary duties that could not be adequately addressed by the relief available under § 1132(a)(1)(B). This determination "must be based on ERISA policy and the 'special nature and purpose of employee benefits plans.'" Frommert, 433 F.3d at 272 (citation omitted).

In this case, Plaintiffs' third cause of action – their claim for breach of fiduciary duty under § 1132(a)(3) – does not state a claim for appropriate equitable relief. Instead, it states a

NY:2097513v1

3

invalid claim for "restitution" and a duplicative claim for monetary relief that can be adequately addressed by the relief available as a legal remedy under Plaintiffs' 1132(a)(1)(B) claim in their second cause of action. In Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 103 (2d Cir. 2005), the Second Circuit clarified that a plaintiff may not pursue a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) seeking injunctive or other equitable relief where he has an adequate legal remedy for damages under 29 U.S.C. § 1132(a)(1)(B). Kawski v. Johnson & Johnson, No. 04-CV-6208, 2005 WL 3555517, at *6 (N.D.N.Y. Dec. 19, 2005) (with the exception of a claim for equitable reformation, plaintiff's claims for alleged breach of fiduciary duties were not proper requests for "equitable" relief but, instead, "really requests for money damages") (citation omitted).

In Nechis, the plaintiff sought "equitable" relief in the form of restitution of premiums paid to the defendant insurer, exactly like this case. The Second Circuit nonetheless affirmed the district court's decision to dismiss the claim for breach of fiduciary duty, stating the following:

> The equitable relief available under § 502(a)(3) consists of those remedies 'that were typically available in equity.' . . . On appeal, Nechis claims that injunctive relief would be appropriate . . . . However, injunctive relief is generally appropriate only when there is an inadequate remedy at law and irreparable harm will result if the relief is not granted. . . . Here, Nechis cannot satisfy the conditions required for injunctive relief; any harm to her can be compensated by money damages, and she could have pursued an alternative and effective remedy under § 502(a)(1)(B) of ERISA to recover the value of benefits wrongly denied.
>
> This leaves the question whether restitution is available as an equitable remedy under § 502(a)(3) of ERISA. Although Nechis seeks restitution, the Supreme Court . . . has stated that 'almost invariably' suits seeking 'to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages.' . . . . 'A claim for money due and owing under a contract is quintessentially an action at law.' . . . The Supreme Court has delineated what forms of equitable restitution are available under § 502(a)(3), distinguishing permissible forms of equitable restitution such as employment of a constructive trust or of an equitable lien from forms of legal restitution. . . . Thus, a constructive trust or equitable lien is imposed when, 'in the eyes of equity,' a plaintiff is 'the true owner' of funds or

NY:2097513v1

4

> property, and the 'money or property identified as belonging in good conscience to the plaintiff [can] clearly be traced back to particular funds or property in the defendant's possession.' . . . [N]either form of equitable restitution is involved here; the monies upon which Nechis seeks to impose a trust are premiums paid for health care coverage, which Oxford is under no obligation to segregate and which Nechis does not allege to be segregated in a separate account. Moreover, the language of Nechis' request for relief involves words of contract rather than those of equity . . . . Since early on, Nechis has complained that she did not 'receive[] the benefit of the bargain' and has requested 'disgorgement of ill-gotten gains' and 'restitution of premiums paid.' And she persists in seeking money damages under a theory of 'unjust enrichment,' alleging that ERISA's remedies must be supplemented by the federal common law since the statute does not provide adequate relief in the present circumstances. We decline this invitation to perceive equitable clothing where the requested relief is nakedly contractual.

421 F.3d at 103-04 (internal citations and emphasis omitted).

In this case, just like Nechis, the Plaintiffs allege that Blue Cross has been "unjustly enriched" and seek restitution of premiums paid. See Amended Complaint, ¶¶ 41-42. As in Nechis, Blue Cross is under no obligation to segregate the premiums the Turcottes paid for health care coverage and the Turcottes do not allege those premiums to be segregated in a separate account. It is thus clear that Plaintiffs "merely 'attempt to cast this action as one for "equitable relief" in order to maximize their opportunities for a monetary recovery.'" In re Marsh ERISA Litig., No. 04 Civ. 8157, 2006 WL 3706169, at *4 (S.D.N.Y. Dec. 14, 2006) ("Because Plaintiffs are unable to allege the existence of a specifically identified fund in which their investments are held, their claims for monetary relief under section 502(a)(3) must fail.") (quoting Coan v. Kaufman, 457 F.3d 250, 264 (2d Cir. 2006)). The claims made by the Turcottes under § 1132(a)(3) are not truly restitutionary in nature and should be dismissed.[2]

---

[2] See also Vacca v. Trinitas Hosp., No. 05-CV-0368, 2006 WL 3314637, at *4 (E.D.N.Y. Nov. 14, 2006) ("Although plaintiffs have framed their claim for restitution as an equitable one, "the gravamen of this action remains a claim for money compensation and that, above all else, dictates the relief available.") (quoting Gerosa v. Savasta & Co., 329 F.3d 317, 321 (2d Cir. 2003) ("In determining the propriety of a remedy, we must look to the real nature of the relief sought, not its label.")); Zarycki v. Mount Sinai/NYU Health, No. 02 Civ. 6236, 2005 WL
(continued) . . .

NY 2097513v1

5

## II

## PLAINTIFFS' RETALIATION CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In the fourth cause of action, Plaintiffs attempt to state a claim of "discrimination" or "retaliation" under ERISA. ERISA provides a remedy for discrimination only in limited circumstances, namely, where an employer has retaliated for or interfered with an exercise of rights under ERISA. Section 510 of ERISA, 29 U.S.C. § 1140, prohibits taking adverse action against plan participants or beneficiaries for exercising rights under ERISA or purposefully interfering with participants' attainment of rights:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

However, ERISA "does not itself proscribe discrimination in the provision of employee benefits." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983).

A "majority of circuits" have adopted the view that the employer-employee relationship is the only one that is covered by § 1140, as the statute "only reaches conduct which fundamentally changes the employer-employee relationship so as to interfere with pension rights." Straus v. Prudential Employee Sav. Plan, 253 F. Supp. 2d 438, 447-48 (E.D.N.Y. 2003) (dismissing § 1140 claim pursuant to Rule 12(b)(6) for failure to state a claim where "plaintiffs

---

(continued) . . .
2977568, at *10-11 (S.D.N.Y. Nov 4, 2005) ("plaintiff here does not claim that she is the true owner of segregated, identifiable funds in defendants' possession. Furthermore, besides claiming she is entitled to 'equitable relief,' plaintiff does not appear to be seeking a remedy that is truly restitutionary in nature because she does not claim that a constructive trust or lien should be imposed on defendants. Thus, as it stands her claim appears to be one for a legal remedy, not for 'equitable relief' under § 502(a)(3)(B) . . . Furthermore, the relief plaintiff seeks under § 502(a)(3)(B) appears nearly identical to the relief she seeks in her claim under § 502(a)(1)(B).").

NY:2097513v1

6

have not properly alleged that they were 'exercising any right to which [they were] entitled' or that defendants 'interfered with the attainment of any rights'"). As the Second Circuit has stated, § 1140 "was designed primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" Dister v. Continental Group, Inc. 859 F.2d 1108, 1111 (2d Cir. 1988) ("An essential element of plaintiff's proof under the statute is to show that an employer was at least in part motivated by the specific intent to engage in activity prohibited" by [§ 1140] (quoting West v. Butler, 621 F.2d 240, 245 (6th Cir. 1980)).[3] Therefore, "no ERISA cause of action lies where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment." Titsch v. Reliance Group, Inc., 548 F. Supp. 983, 985 (S.D.N.Y. 1982), aff'd mem., 742 F.2d 1441 (2d Cir. 1983).). Even if the conduct of an insurer may be reached under § 1140, the Amended Complaint here fails to allege any conduct that could establish a claim under the statute. The only conduct alleged to support the fourth cause of action (entitled "Discrimination/Retaliatory Denial of Benefits") is that Blue Cross denied Susan Turcotte's claim for benefits. See Amended Complaint, ¶¶ 43-56. This allegation cannot be sufficient to maintain a claim under § 1140: if the mere denial of benefits triggers potential § 1140 liability in this case, every denial of benefits in every ERISA case creates the basis for a claim of retaliation, and every § 1132 claim challenging a denial of benefits also states a § 1140 claim of retaliation. The statute prohibits retaliation for the exercise of ERISA rights, and here Susan Turcotte's

---

[3] See also Maguire v. Level Sights, Inc., No. 03 CV 2294, 2004 WL 1621187, at *2 (S.D.N.Y. July 19, 2004) ("To state a claim under § 510, plaintiffs must allege that defendant took some type of adverse employment action to interfere with the attainment of their benefit rights under the plan.") (citations omitted); DeWitt v. Penn-Del Directory Corp., 106 F.3d 514, 522 (3d Cir. 1997) (to establish prima facie case under § 1140, plaintiff must demonstrate prohibited employer conduct taken for the purpose of interfering with the attainment of any right to which the employee may become entitled); Fischer v. Philadelphia Elec. Co., 96 F.3d 1533, 1543 (3d Cir. 1996) (plaintiff must show adverse employment action undertaken for the purpose of interfering with the attainment of an employee benefit to which the employee is entitled).

NY:2097513v1

alleged exercise of rights is an inquiry about her benefits (see Amended Complaint, ¶¶ 48, 53), but every inquiry by a beneficiary and indeed every submission of a claim is an exercise of ERISA rights.

Congress did not intend to make every denial of benefits a potential retaliation claim. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 422 (4th Cir. 1993) (plaintiff must "show more than the mere denial of a claim" to establish that an insurer has acted with discriminatory intent). The Court should therefore dismiss the fourth cause of action. See Maguire, 2004 WL 1621187, at *2 (where the gravamen of the complaint was that defendants breached an agreement by not making certain payments, the court dismissed an ERISA discrimination claim under Rule 12(b)(6) for failure to state a claim because "the allegations in the complaint, even if true, fail to set forth a viable claim . . . against [defendant] for violation of § 510 of ERISA").

### III

### PLAINTIFFS' PROMISSORY ESTOPPEL CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs have amended their complaint to allege expressly what they went to some lengths to disguise in their initial filing: the fact that the health insurance plan under which they seek benefits is an employee benefit plan covered by ERISA. See Amended Complaint, §§ 1, 6; 29 U.S.C. § 1002(3). They have abandoned the nine state law claims brought in their original complaint, including a claim for detrimental reliance, implicitly conceding that such state law claims are preempted by ERISA. However, in place of their claim for detrimental reliance, they

NY:2097513v1

8

now seek recovery for "promissory estoppel," which they bring as the fifth cause of action in the Amended Complaint.[4] That claim should be dismissed for failure to state a claim.

Plaintiffs do not characterize their promissory estoppel claim as arising under state law or federal law. To the extent that it arises under state law, the claim is preempted. In general, state law claims based on denial of health care benefits under an ERISA plan are preempted by ERISA. See Aetna Health, Inc. v. Davila, 524 U.S. 200, 209 (2004) ("Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted.")(citations omitted). In particular, state law claims of promissory estoppel are preempted by ERISA. Pronti v. CNA Fin. Corp., 353 F. Supp. 2d 320, 325 (N.D.N.Y. 2005); Billinger v. Bell Atl., 240 F. Supp. 2d 274, 286 (S.D.N.Y. 2003), aff'd, No. 03-7387, 2005 WL 154270 (2d Cir.), cert. denied, 546 U.S. 843 (2005); Snyder v. Elliot W. Dann Co., 854 F. Supp. 264, 273 (S.D.N.Y. 1994).

To the extent that Plaintiffs intend to plead a promissory estoppel claim under federal law, they have failed to adequately plead a viable claim. An ERISA promissory estoppel claim has four elements: (1) a promise by the defendant; (2) plaintiffs' reliance on the promise; (3) injury caused by the reliance; and (4) a resulting injustice if the promise is not enforced. Aramony v. United Way Replacement Benefit Plan, 191 F.3d 140, 151 (2d Cir. 1999); Devlin, 274 F.3d at 86; see also Shonholz v. Long Island Jewish Med. Ctr., 87 F.3d 72, 79 (2d Cir 1996) ("we . . . require, for purposes of ERISA, . . . that [plaintiff] demonstrate a promise that

---

[4] Although Plaintiffs rename their state law detrimental reliance claim as promissory estoppel, they have not changed a single word in the four paragraphs that support this claim. Paragraphs 57-61 in the Amended Complaint are identical to paragraphs 40-44 in the initial Complaint.

[defendant] reasonably should have expected to induce action or forbearance on her part."). In addition to these elements, in the Second Circuit, plaintiffs must point to extraordinary circumstances. Aramony, 191 F.3d at 152. Reliance alone does not render a case "extraordinary"; a more "remarkable consideration" is necessary. Devlin v. Transportation Comme'ns Int'l Union, 173 F.3d 94, 102 (2d Cir. 1999) (no extraordinary circumstances where a promise of free, lifetime health benefits (made during employment, and retracted some time after appellants retired) was not made to induce any particular behavior on appellant's part).

The Turcottes' promissory estoppel claim does not meet these requirements. First, the Turcottes do not allege a promise made to them, but rather allege that they relied on a representation made by Blue Cross to a third party. (Amended Complaint, ¶¶ 58, 60).

Second, the Amended Complaint does not support any claim of misrepresentation. In the Amended Complaint, the Turcottes offer different characterizations of the representation Blue Cross supposedly made, alleging variously that Blue Cross represented to a third party provider ("CWRC") that Ms. Turcotte "had coverage," or "committed . . . to coverage," or "would . . . provide coverage" for the recipient portion of a donor egg cycle. (Amended Complaint, ¶¶ 58, 59, 60). They do not expressly allege misrepresentation but the essence of their claim is that Blue Cross told the third party provider that Ms. Turcotte had certain "coverage" but then later declined to pay for treatment provided to her.

The Court can see for itself what statement Blue Cross is reported to have made, because Plaintiffs have attached, as Exhibit B to the Amended Complaint, the letter from the medical provider on which Plaintiffs base their claim. (Gomprecht Aff., Ex. A). The letter asserts merely that Blue Cross verified that Susan Turcotte "had coverage" for part of the cycle of

treatment she sought and that CWRC told the Turcottes that Blue Cross had "verified benefits." The letter also records that CWRC expressly told the Turcottes "that it would be necessary to provide her medical records to the insurance company to request a formal preauthorization on the complete cycle." That is, while Blue Cross had verified that Ms. Turcotte's policy covered the kind of treatment she wanted, it would not make any determination – or, obviously, any promise – about paying for particular services until it reviewed relevant medical records in advance of treatment.

A response to a third party inquiry about "coverage" in advance of treatment – that is, an inquiry about benefits and eligibility for benefits – is not a determination of medical necessity or a preauthorization of treatment, or a representation of any kind about reimbursement for particular services. It is not a promise of payment for particular services, let alone a promise of any sort made to the Turcottes. Nor, in this case, could a statement that Ms. Turcotte had "coverage" be a misrepresentation, since the claim that she had such coverage is the premise of Plaintiffs' entire suit. The Turcottes do not, and cannot, allege that Blue Cross said at any time it had determined that the treatment Susan Turcotte sought was medically necessary in her case and would be paid for.

Finally, Plaintiffs do not allege anything that could constitute extraordinary circumstances. A routine (and in this correct) answer to a provider's inquiry about a subscriber's eligibility for benefits does not constitute extraordinary circumstances. Plaintiffs' claim of promissory estoppel is insufficient as a matter of law and should be dismissed.

IV

## THE COURT SHOULD DISMISS
## THE FIRST AND SIXTH CAUSES OF ACTION AS REDUNDANT

The first cause of action seeks a judgment "declaring that plaintiffs are entitled to insurance coverage for infertility services" under the terms of their health insurance plan with Blue Cross, which is relief available to the Turcottes – and, indeed, a necessary predicate for any recovery – under their second cause of action should they prevail on that claim. Similarly, the sixth cause of action states a claim for attorney's fees under ERISA, which is again relief available to the Turcottes under their second cause of action, pursuant to 29 U.S.C. § 1132(g), which allows the court discretion to award fees to the prevailing party. The first and sixth causes of action are therefore redundant and should – to simplify the issues and further proceedings before the court – be dismissed pursuant to Fed. R. Civ. P. 12(f). See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (the district court has discretion to strike any portions of a complaint that are redundant or immaterial).

V

## THE COURT SHOULD DISMISS
## THE CAUSE OF ACTION FOR PUNITIVE DAMAGES

Plaintiffs' claims of compensatory damages and their claim for punitive damages in the seventh cause of action should be dismissed because such remedies are not available under ERISA. It is well established law that such monetary damages are unavailable under ERISA. See, e.g., Miner v. Empire Blue Cross/Blue Shield, No. 97 Civ. 6490, 2001 WL 96524 (S.D.N.Y. Feb. 5, 2001) (extracontractual compensatory and punitive damages are not available under ERISA); Conopco, Inc. v. Imperial Chem. Indus. PLC, No. 97 Civ. 5529, 2000 WL 328869 (S.D.N.Y. Mar. 28, 2000) (punitive damages); DiRoma v. National Org. of Indus. Trade Unions

NY:2097513v1

Ins. Fund, No. 91 Civ. 0653, 1992 WL 123177 (S.D.N.Y. May 27, 1992) (breach of contract and fraud claims seeking compensatory and punitive damages for alleged wrongful denial of medical benefits preempted by ERISA must be dismissed since monetary damages not available under ERISA).

## VI

### THE COURT SHOULD STRIKE PLAINTIFFS' JURY DEMAND

At the end of the Amended Complaint, plaintiffs demand trial by jury. The Court should strike that demand. The relief plaintiffs seek under ERISA is equitable. See Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) (relief available under ERISA § 502(a)(3) is restricted to equitable relief). Jury trial is not available with respect to claims for equitable relief.

Furthermore, the Second Circuit has held that there is "no right to a jury trial under ERISA." Muller v. First Unum Life Ins. Co., 341 F.3d 119, 124 (2d Cir. 2003) (citation omitted). See Connors v. Connecticut Gen. Life Ins. Co., 272 F.3d 127, 134 (2d Cir. 2001) (ERISA "does not provide a right to trial by jury.") (citing Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 568 (2d Cir. 1998)). This case should be decided by the court on the administrative record without consideration of additional evidence. As a result, jury trial is not available.

## Conclusion

There is only one real issue in this case: whether Blue Cross acted arbitrarily and capriciously, based on the record before it at the time it made its determination, when it denied Susan Turcotte's claim for benefits. Therefore, defendant respectfully requests that the Court grant its motion and dismiss all of Plaintiffs' claims except for the second cause of action and strike plaintiffs' demand for a jury trial.

September 28, 2007

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: *Diana C. Gomprecht*
Diana Costantino Gomprecht (DG 2181)
250 Park Avenue
New York, New York 10177
(212) 351-4500

-and-

Joseph D. Halpern, Esq.
Deputy General Counsel
Blue Cross and Blue Shield of Massachusetts, Inc.
Landmark Center
401 Park Drive
Boston, Massachusetts 02215-3326
(617) 246-3500

*Attorneys for Defendant*

NY:2097513v1

14